FILED
CLERK
2012 SEP 11 PM 2:28
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM YANCEY,

Plaintiff,

-against-

BAI SUSHI RESTAURANT, INC. and RAINBROOK REALTY, INC.,

Defendants.

Case No. CV 12 - 04537

**COMPLAINT**

TOWNES, J.

MANN. M.J.

**JURY TRIAL REQUESTED**

Plaintiff, Kim Yancey (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants BAI SUSHI RESTAURANT, INC. ("Sushi") and defendant RAINBROOK REALTY, INC. (hereinafter, the "Corp.") (Sushi and the Corp. being hereinafter collectively known as the "Defendants"), for damages, injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. 12181, et. seq., of the Americans with Disabilities Act ("ADA"), the New York State Executive Law, the New York City Human Rights Law and the New York Civil Rights Law, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §121181(B)(l)(b) and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property that is the subject of this action is located in this district.

## PARTIES

3. Plaintiff was diagnosed with a degenerative bone disease when she was about six months old. As a child, she was assisted in walking by wearing braces on both legs. As she grew, she began using a cane and then a walker until her bone cartilage was so badly deteriorated that it became necessary for her to use a wheelchair for mobility.

4. She has used a wheelchair since sometime in 2007 or 2008. She no longer has any cartilage in her knees and can move for about 2 feet or less to move from her chair to a bed or toilet, if she has something to use to support herself. In addition to the bone disease, she also suffers from scoliosis since birth.

5. In spite of these challenges, Plaintiff has lived her life pursuing her goals and working toward self-sufficiency. As a teenager, Kim was first employed as a camp counselor, working with children with disabilities.

6. After graduating from high school, she enrolled in college to earn a degree as an occupational therapist to fulfill her dream of helping others. She attended college in Brooklyn from1994 to 1999. However, as time passed and her condition worsened, it became apparent that she would not have the physical abilities the work required.

7. Plaintiff changed her major and graduated from college with an English degree. While in college, she worked for three years as the Assistant to the Academic Dean.

8. Once she graduated from college, she was employed by Administration for Children Services and worked there for six years until 2005. Plaintiff currently lives independently in her own apartment and likes to stay as active as possible.

9. The Defendants are domestic corporate entities, duly organized and existing pursuant to the laws of the State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

10. Sushi is the lessee and/or operator of a restaurant, known as "Bai Sushi Restaurant" (the "Restaurant") located at 37-03 Broadway, Astoria, New York (the "Building"). The Corp. is, upon information and belief, the owner of the Building.

11. The Restaurant is a place of public accommodation within the definition of that term provided in 28 C.F.R. Section 36.104.

12. Plaintiff and other individuals who use wheelchairs face the following physical barriers to equal enjoyment and use of the Restaurant, as detailed below:

a. there is a set of two uneven steps that must be navigated to approach the front entry door; the first step is 6 inches high and the tread is about 12 inches deep and the second step up is about 4 inches high and is actually up to the doorway of the restaurant; the presence of a step violates the 2010 ADA Standards For Accessible Design (the "Standards") 303.4, which requires rises over ½ to be ramped, and the steps violate Standards 504.2, which requires uniform riser heights;

b. the stairs have no railings, in violation of Standards 505;

c. there is no railing which extends one tread past the bottom tread, as required by Standards 505.10.1;

d. as you enter the restaurant, there is a partial wall on the left and a curio cabinet placed against the wall on the right; Standards 404.2.4 requires minimum maneuvering

clearances which are not provided at this entrance doorway and the steps within the entrance area violate Standards 404.2.2.4, which requires no change in level within the required maneuvering clearance area;

e. there is no accessible means of egress provided which complies with Standards 207.1.

13. On April 9, 2012, Plaintiff attempted to eat at the Restaurant. She regularly visits the area where the Restaurant is located to bank and shop.

14. Plaintiff was unable to enjoy the services or accommodations provided by the Restaurant as a result of the violations of the ADA detailed above.

15. Plaintiff gets extremely angry, embarrassed and humiliated when she is denied equal privileges and is discriminated against by an establishment because she is confined to a wheelchair.

16. The Plaintiff will return to the Restaurant in the future when the Defendants provide her with safe and equal opportunity to enter into the Restaurant by herself.

17. The failure of the Defendants to remove the barriers to access complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who wish to enjoy the goods and services provided by the Restaurant.

18. The Restaurant has undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

19. The Defendants have not complied the readily achievable and/or maximum extent feasible requirements relating to disabled individuals, as required by the ADA.

**COUNT II – VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW**

20. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 of the complaint as if set forth in their entirety here.

21. The New York State Executive Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

22. The Restaurant is a place of public accommodation, as defined in the New York State Executive Law.

23. Defendants are in violation of the New York State Executive Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Restaurant. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

24. Defendants have failed to make all reasonable modifications necessary to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

25. It would not impose an undue hardship or undue burden on Defendants to make the Restaurant fully accessible.

26. As a direct and proximate result of Defendants' unlawful discrimination in

violation of the New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

27. As a result of the foregoing, Plaintiff has suffered damages in the amount of at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

**COUNT III – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

28. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 of the complaint as if set forth in their entirety here.

29. The New York City Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …
>
> NYC Admin. Code § 8-107(4)(a).

30. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Restaurant.

31. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to

abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this [chapter] *title* shall be construed liberally for the accomplishment of the *uniquely broad and remedial* purposes thereof, *regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.*

Restoration Act§ 7 amending Administrative Code §8-130

32. Administrative Code §8-130 is to be construed broadly in favor of a plaintiff to the fullest extent possible. *Albunio v. City of New York,* 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

33. Defendants have and continue to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Restaurant, all because of disability in violation of Administrative Code§ 8-107(4).

34. As a direct and proximate result of Defendants' unlawful discrimination in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

35. Defendants' long-standing refusal to make the Restaurant fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

36. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable

and not desired as patrons of their place of public accommodation.

37. Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages.

38. As a result of the foregoing, Plaintiff has suffered damages in the amount of at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

**COUNT IV – VIOLATIONS OF THE NEW YORK CIVIL RIGHTS LAW**

39. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 38 of the complaint as if set forth in their entirety here.

40. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

41. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

42. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law§ 40-d.

**INJUNCTIVE RELIEF**

43. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 42 of the complaint as if set forth in their entirety here.

44. Plaintiff will continue to experience unlawful discrimination as a result of

Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify Pink and their policies, practices and procedures.

45. Injunctive relief is also necessary to make the Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

46. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, the Executive Law and the Administrative Code.

**DECLARATORY RELIEF**

47. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46 of the complaint as if set forth in their entirety here.

48. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

**ATTORNEY'S FEES AND COSTS**

49. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 48 of the complaint as if set forth in their entirety here.

50. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorneys' fees, costs, and expenses paid by the Defendants, pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. entering a declaratory judgment declaring that Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and their policies, practices and procedures related thereto;

B. directing the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA, Executive Law and Administrative Code;

C. award at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

D. award at least $25,000.00 (TWENTY FIVE THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

E. award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F. pursuant to New York State Civil Rights Law § 40-d, find defendants guilty of a Class A misdemeanor for violating New York State Civil Rights Law;

H. award reasonable attorneys fees, costs and expenses pursuant to the Administrative

Code;

I. find that plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J. for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 6, 2012

Donald A. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606